UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
MARVIN DAVIS,

      Petitioner,     MEMORANDUM AND ORDER
                  05 CV 2372 (ILG)

 -against-

UNITED STATES OF AMERICA,

      Respondent.
-----------------------------------------------x
GLASSER, United States District Judge:

  On April 12, 2004, the petitioner pleaded guilty pursuant to a plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At the inception of the proceeding at which he was to plead, he was duly sworn and advised that his statements to the Court must be truthful if he was to avoid the crime of perjury. (Tr. at 2). He was told that any prediction as to what his guidelines might be was simply that, a prediction that was not binding on the court and if it should be that the guidelines are higher than what has been predicted, he would not be able to withdraw his plea. (Tr. at 8). He stated that he understood everything he was told and had no questions to ask. (Tr. at 9). He acknowledged that no promise had been made as to what his sentence would be and that he was satisfied with the representation he received from his attorney. (Tr. at 11).

  His plea agreement, annexed to the government's memorandum as Exhibit B, estimated a projected guideline range of 37 - 46 months and provided for the petitioner's waiver of his right to appeal if the sentence imposed was not greater than 51 months.

  The Presentence Investigation Report ("PSR"), prepared in anticipation of

sentence, calculated the petitioner's total offense level to be at level 23 and his criminal history category as IV, rather than at level 20 and category III, as was projected in the plea agreement. The discrepancy was due to the uncertainty of whether his conviction for robbery at the age of 14 for which he was sentenced to a custodial term of 1 - 3 years was to be factored into his criminal history category. The record of the proceeding at which he was previously sentenced obtained in the interim between his plea and sentence to be imposed, revealed that he was sentenced in the Supreme Court of the State of New York and not in the Family Court and the relevant case law pertaining thereto confirmed the conclusion reached by the PSR that the total offense level and criminal history category recited there were correct and yielded a guideline range of 70 - 87 months. The petitioner was, accordingly, sentenced to a term of imprisonment for 70 months, rejecting his request for a downward departure based upon his contention that his criminal history category overstated the seriousness of his criminal record. Defense counsel explicitly preserved an objection to the mandatory requirement of the guidelines given the pendency of Booker/FanFan before the Supreme Court. The following brief colloquy is reflected at the conclusion of the sentencing proceeding:

>    THE COURT:         I'll commit Mr. Davis to the custody of the Bureau of
>                       Prisons for 70 months, three years of supervised
>                       release, $100 special assessment.
>                       The plea agreement, I believe,
>                       Mr. Davis waived his right to
>                       appeal if the sentence were [sic]
>                       not in excess of 96 months.
>
>    MR. KATOWITZ:      Page 3, paragraph 4, that there would be no
>                       appeal in the event the court imposed a term of
>                       imprisonment of 96 months or below.
>
>    THE COURT:         I needn't advise Mr. Davis of his right to

appeal.

Mr. Davis did not appeal his conviction and sentence.

The inconsistency between what has been stated above regarding the projected guideline range as being 37 - 46 months and a waiver of appeal if the sentence did not exceed 51 months and the above colloquy is explained by a previous version of the plea agreement conveyed to defense counsel which provided for a waiver of the right to appal if the sentence did not exceed 96 months.  See Exhibits E and F annexed to the government's opposition to this motion filed by the petitioner to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  The claim upon which his motion is based is that he was denied his Sixth Amendment right to effective assistance of counsel who allowed him to be sentenced to 70 months rather than to the time projected in the executed plea agreement as being no more than 51 months.  For the reasons that follow, his motion is denied.

## Discussion

A determination of an ineffective assistance of counsel claim is informed by Strickland v Washington, 466 U.S. 668 (1984), which taught that to succeed on such a claim, the movant must establish that his lawyer's representation fell below an objective standard of reasonableness which prevailing professional norms would require to be observed; that it is reasonably likely that the movant has suffered prejudice and that were it not for counsel's deficient performance, the result of the proceeding would have been different.  The petitioner has failed to establish those prerequisites.

The plea allocution was explicit in conveying to the petitioner that what the guideline range was estimated to be in his plea agreement was precisely that, an

3

estimate, a prediction and nothing more. He was explicitly told that "I just want to make sure you understand that what you were told the guideline in your case might be is just that, it is a prediction, it is an educated guess based upon what his known about you as you stand here today. It is not binding on me simply because I don't know as I talk to you what the guidelines in your case will prove to be. I won't know that until after I had a chance to study a presentence report." The Court continued - "Should it turn out that the guidelines are higher than has been predicted for you and you understandably are unhappy about that, you wouldn't be able to withdraw your plea of guilty that you will enter here today. Do you understand" The Defendant: Yes, sir." (Tr. at 8).

      His characterization of counsel as having "permitted" him to be sentenced as he was bespeaks a misunderstanding of the role of counsel. It is the Court that imposes sentence and the permission of counsel for doing so is not required. The guideline calculation was correctly arrived at and counsel could have done nothing more beyond what he did in seeking a downward departure and preserving his objection to the mandatory guidelines should Booker/FanFan hold them to be unconstitutional.

      The petitioner's motion is also bottomed upon his claim that his plea was neither knowing nor voluntary because he believed that his sentence would not exceed 51 months. His claim is belied by that portion of the plea allocution, recited above, in which he acknowledged his understanding that the guideline range stated in the plea agreement was merely a prediction that was not binding on the Court and his understanding that a higher guideline range calculated correctly in the presentence report would not enable him to withdraw his plea.

      In addition, having failed to assert that claim on direct appeal, he is precluded

4

from raising it in this § 2255 motion absent a showing of cause and prejudice or a claim of actual innocence. The petitioner has shown neither.

Finally, petitioner's claim that his Constitutional rights were violated because his guideline enhancement was not proven to a jury beyond a reasonable doubt in violation of <u>Booker</u> is meritless. The only possible basis for asserting an enhancement was his prior felony conviction which is explicitly excepted by <u>Apprendi</u>.

The Court has considered his other claims and finds them to be meritless. His motion is, therefore, denied.

SO ORDERED.

Dated: Brooklyn, New York
March 17, 2006

s/
I. Leo Glasser